# United States Court of Appeals for the Fifth Circuit

---

No. 23-10441
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Austin Jay Pruitt,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-92-1

---

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Austin Jay Pruitt received, *inter alia*, a 168-months' imprisonment sentence following his pleading guilty to one count of possession of prepubescent child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (outlining penalties). The district court imposed several offense-level enhancements, including one for knowingly engaging in distribution of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

material involving the sexual exploitation of a minor. *See* Guideline § 2G2.2(b)(3)(F) ("If the defendant knowingly engaged in distribution . . . increase by 2 levels."). Pruitt challenges this two-level enhancement.

Pruitt did not raise this issue in district court (as he also concedes); therefore, review is only for plain error. *E.g.*, *United States v. McGavitt*, 28 F.4th 571, 576–77 (5th Cir.), *cert. denied*, 143 S. Ct. 282 (2022). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

"[T]he mere use of a peer-to-peer network is not enough to trigger § 2G2.2(b)(3)(F)'s enhancement. That enhancement may apply, however, if a defendant knows that his use of a peer-to-peer network made his child pornography files accessible to others online." *United States v. Lawrence*, 920 F.3d 331, 333 (5th Cir. 2019). Along that line, Pruitt admitted to uploading several images to Discord, which supports an inference that he knew he was making his child pornography files accessible to others.

Although Pruitt cites several cases in which our court concluded that more explicit evidence established defendant's knowledge, he does not identify precedent concluding evidence equivalent to the available evidence in this action was insufficient. Accordingly, Pruitt fails to show the requisite clear-or-obvious error. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015) ("[A] lack of binding authority is often dispositive in the plain-error context".).

AFFIRMED.